# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR 495-010-003 |
| | ) | |
| NORRIS WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Norris Wilson's Motion for Reconsideration (Doc. 705), Motion to Proceed on Appeal *in forma pauperis* (Doc. 709), and Motion to Appoint Counsel (Doc. 711). For the reasons discussed herein, the Motion for Reconsideration and the Motion to Appoint Counsel are **DENIED**; the Motion to Proceed on Appeal *in forma pauperis* is **GRANTED**.

Defendant Norris Wilson's sentence recently came before the Court for reevaluation pursuant to amendments to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). On November 1, 2007, the Guidelines were amended to lower the penalties for most offenses involving cocaine base (commonly referred to as crack cocaine) offenses. The Sentencing Commission voted to apply the crack amendments retroactively to cases sentenced before November 1, 2007. The Commission also modified U.S.S.G. §1B1.10, the Guideline concerning the retroactive application of amendments.

After the above reforms were implemented, this Court, with the assistance of the Probation Office, reassessed each sentence possibly impacted, including Defendant Hubbards's. Pursuant to 18 U.S.C. § 3582(c)(2), the statute governing reduction of sentences based on retroactive amendments, the Court considered the sentencing factors enumerated in 18 U.S.C. § 3553(a), and the provisions of U.S.S.G. §1B1.10. Under this rubric, the Court declined to reduce Wilson's original sentence (Doc. 697). Wilson filed a Motion for Reconsideration, but then filed a Notice of Appeal (Doc. 706), which divested this Court of jurisdiction to adjust the sentence, absent clerical error. U.S. v. Pease, 331 F.3d 809, 816 (11th Cir. 2003) (district court divested of jurisdiction to amend judgment while case on appeal in absence of clerical error). Accordingly, Defendant's Motion for Reconsideration (Doc. 705) is **HEREBY DENIED**. Defendant's Motion to Appoint Counsel is also **DENIED**, as there is no right to appointed counsel at this juncture, and the Court in its discretion finds the assistance of counsel unnecessary for the proper resolution of the matters raised by Defendant. In order that Defendant may have those matters considered by the Court of Appeals, however, the Motion to Proceed on Appeal *in forma pauperis* (Doc. 709) is **HEREBY GRANTED**.

**SO ORDERED.**

_____
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: June 23, 2008