**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.  495CR010

**NORRIS WILSON,
a.k.a. Bullhead,**

**Defendant.**

### ORDER

Norris Wilson was indicted by the Grand Jury of the Southern District of Georgia for various illegal drug offenses. Doc. # 1. The case was assigned to The Honorable John F. Nangle. Wilson pled guilty, and on August 18, 1995, Judge Nangle accepted his plea of guilty to the offense of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 and imposed a sentence of 224 months. Doc. # 349.

On August 3, 2007, Wilson, by a motion to the district court, asked that his sentence be reduced based on Amendment 706 to the Federal Sentencing Guidelines,[1] and he asked the Court to reconsider the factors upon which the guidelines were calculated – namely his history and personal characteristics. Doc. # 670. Pursuant to Wilson's motion, Judge Nangle recalculated Wilson's offense level from a Level 32 to a Level 30, with a criminal history category of V. Doc. # 697. This resulted in a sentencing range of 151 to 188 months imprisonment compared to the range of 188 to 235 months under which Wilson was originally sentenced. *Id.* On March 31, 2008, Judge Nangle denied Wilson's § 3582(c)(2) sentence reduction motion "based on factors identified in 18 U.S.C. § 3553(a), namely the history and characteristics of the defendant and the need to protect the public from further crimes of the defendant." *Id.*

On April 14, 2008, Wilson moved the Court to reconsider its March 31, 2008 Order denying Wilson's request for a sentence reduction. Doc. # 705.

On April 16, 2008, while Wilson's Motion for Reconsideration was pending, Wilson filed a Notice of Appeal (NOA), doc. # 706, based upon 18 U.S.C. § 3582(c)(2), challenging the Court's March 31, 2008 Order.

On June 23, 2008, the district court denied Wilson's Motion for Reconsideration on the ground that Wilson's filing of the NOA had divested the district court of jurisdiction to consider the motion on its merits. Doc. # 713. Wilson appealed.

The Eleventh Circuit Court of Appeals, in an unpublished opinion (*U.S. v. Wilson*, No. 08-12018, 11th Cir. 1/12/09), vacated the district court's June 23, 2008, Motion for Reconsideration Order holding that the April 16 NOA did not transfer jurisdiction to the circuit court:

> [I]t did not oust the district court of jurisdiction, until the district court entered its June 23 order denying Wilson's motion for reconsideration.

*Id.* at 4. The circuit court further held:

---

[1] Amendment 706 provides a two-level reduction in base offense levels for crack cocaine offenses. *U.S. Sentencing Guidelines Manual* app. C, Amend. 706 (2007). The U.S. Sentencing Commission made Amendment 706 retroactively applicable. *See U.S. Sentencing Guidelines Manual* app. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

The district court's order of June 23, 2008, denying Wilson's motion for reconsideration on the ground that the court lacked jurisdiction to entertain it, is accordingly vacated, and the case is remanded with the instruction that the district court pass on the merits of Wilson's motion for reconsideration.

*Id.*

Judge Nangle is now deceased, and the district's Chief Judge, by order dated January 20, 2009, has transferred this case to the undersigned for plenary disposition. Doc. # 736.

The Court has thoroughly reviewed the file in this case. The Motion for Reconsideration has been read. The Presentence Report has been examined, as well as all other documents in the presentence file, including the written Plea Agreement.

After a thorough reconsideration of the sentence imposed by Judge Nangle, it is the judgment of this Court that the sentence should not be disturbed. As noted by Judge Nangle, Wilson has three prior cocaine-related convictions, one of which is another federal conviction. Wilson was a close associate of Michael Woodard, the principal of the instant drug conspiracy, even introducing Woodard to a Florida source for cocaine. Wilson thereafter accompanied Woodard to Florida on several occasions to obtain significant quantities of cocaine.

The sentence imposed by Judge Nangle indeed appears to quite adequately reflect the seriousness and extent of Wilson's conduct in the conspiracy, as well as his long-term and unabated involvement with the sale of cocaine. Therefore, the sentence of 224 months shall remain the sentence of this Court, and Wilson's Motion for Reconsideration, doc. # 705, is ***DENIED***.

This 26 day of January, 2009.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA